## SUCCESSION OF HIRAM J. GROVER.—On Opposition to Account of Tutor and Executor.

Under a clause in a will by which the testator constituted his executor *detainer* of his estate, *held*, that the *seizin* of the executor did not embrace the testator's interest in property belonging to a particular partnership, which the will provided should be continued in accordance with the contract of partnership.

The executor is entitled, however, to his commissions on the net proceeds of the crops received by him from the surviving partner.

APPEAL from the District Court of West Baton Rouge, *Robertson,* J.

*Thomas Gibbes Morgan,* for plaintiff and appellant. *David N. Barrow,* for defendant.

BUCHANAN, J. *Hiram J. Grover,* of the parish of West Baton Rouge, made his will on the 19th September, 1846, which contained, among others, the following clauses:

"That the partnership existing between me and *Dr. Nolan,* in the plantation on which we reside, be continued in accordance with the contract entered

into between us, and if *Dr. Nolan* is willing, that additional negroes be purchased with the earnings of the plantation, (after the payment of debts and legacies) and placed on it until the joint force amounts to sixty working hands.

$$* \quad * \quad * \quad * \quad * \quad * \quad * \quad *$$

"I hereby appoint *Samuel M. D. Clark*, tutor to my children, *Harriet Pauline, Hiram Justus, James Hamilton* and *Mary Estelle*, and desire that he will have my children raised in a proper manner, and educated in a manner to make them useful citizens.

"I appoint *Samuel M. D. Clark* executor of this my will and testament, to settle up and have all my just debts paid, and all the provisions of this will carried into effect, and to be testamentary executor and *detainer* of my estate."

Shortly after making this will *Grover* died. The will was admitted to probate, and letters testamentary were issued to *Clark*, as also letters of tutorship.

The inventory of *Grover's* estate was made on the 31st October, 1846, with the following result:

Amount of property held in partnership by the deceased and *John T. Nolan*.............................................. ——— —
Estimation of share of deceased.............................. $19,759 75
Amount of deceased's individual property...................... 21,099 00

Total..................................... $40,858 75

According to the terms of the will, and of the contract of partnership between the testator and *John T. Nolan*, referred to in the will, *Nolan* administered the sugar plantation, owned in common by himself and the testator, during the period of nine years from the 26th December, 1845 ; before the expiration of which period *Clark*, the executor of *Grover's* will and tutor of *Grover's* children, died.

It is very clear, therefore, that although the will, in general terms, constituted *Clark* "detainer" of *Grover's* estate, yet this seizin must be considered as limited to that portion of the estate, as inventoried, which was held by *Grover* in his separate and individual right, not that which formed *Grover's* capital in the sugar planting partnership of *Grover & Nolan*.

The general expressions in the will must be considered as controlled by the clause above quoted, in which the testator declares his wish that the partnership between *Nolan* and himself should continue in accordance with the contract of partnership. Had the will even been silent on that subject, *Nolan* could have resited the executor, had he attempted to take possession of *Grover's* interest in the plantation and its appurtenances. But, in point of fact, there was no such pretension asserted by the executor. *Nolan* always possessed and administered the partnership property without opposition from the executor, to whom he rendered an account yearly, and paid over the net proceeds of the crops. The opposition concedes the right of *Clark's* estate to a commission upon the amounts so paid to *Clark* by *Nolan*, a right which is evident from Article 1677 of the Civil Code.

The claim of the estate of *Clark* to ten per cent. upon the *gross* incomes of his wards, as commissions of tutor, was opposed, and has been abandoned in argument in this court. See case of *Succession of Hargrove*, 9 An. 505. Our conclusions upon the law of the case are entirely in accordance with those of the District District Judge. But we are requested to give a money judgment, which he has omitted to do, and thus settle the balance between the parties, and prevent further litigation.

SUCCESSION OF
GROVER.

Proceeding to do so, in conformity to the principles herein expressed, we find that the account of executorship and tutorship rendered by the widow and representative of *S. M. D. Clark*, shows a balance in his favor of........................... $5,321 16

From which deduct, being a charge of 10 per cent. upon
the gross proceeds of the crops from 1847 to 1853, inclusive..................................... $5,529 48

Also commissions of 2½ per cent. upon total of inventory,
being $40,858 75, say........................... 1,021 46
                                                   6,650 94

Balance against *Clark's* estate............................... $1,329 78

But credit *Clark's* estate with 2½ per cent. commission
on *Grover's* separate estate, as inventoried, say $21,099   $527 47

Also with like commission on amount of crops actually
paid over to *Clark* by *Nolan* from 1847 to 1852, inclusive, say $18,864 15........................... 471 60
                                                 999 07

True balance against *Clark's* estate........................... $330 71

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, and that *William B. Chamberlain*, as tutor of the minors, *Harriet Pauline, Hiram Justus* and *James Hamilton Grover* children of *Hiram J. Grover* and *Margaret Hamilton*, both deceased, recover of the succession of *Samuel M. D. Clark*, formerly tutor of said minors, represented by the widow of said *Clark*, and tutrix of his minor children, the sum of three hundred and thirty dollars and seventy-one cents, with legal interest from judicial demand, (14th June, 1854,) with the privilege and general mortgage accorded by law to minors upon the estate of their tutors; the costs to be borne by the estate of *Grover*.

MERRICK, C. J., dissenting. The testator has three modes of compensating the executor.

He may give him a legacy, in which case the executor will receive no commissions. C. C. 1679. He may make him simply executor, and then he will receive only commissions of two and a half per cent. on the estimated value of the object which he has had in his possession and on the sums put into his hands for paying legacies and other charges. C. C. 1677.

The testator may give the executor the seizin or detainer of his estate. In this last case the executor is entitled, for his trouble and care, to a commission of two and a half per cent. on the whole amount of the inventory, making a deduction for what is not productive and what is due by insolvent debtors. C. C. 1676.

The testator is presumed to have known the law, and it strikes me that we ought to suppose he used the term "detainer" with reference to its legal signification, and in order to confer a power upon the executor to protect the entire estate, the interest in the partnership, as well as the individual property, and also to fix a standard by which the executor should be rewarded, and which should be sufficiently liberal to secure his services.

I am, therefore, inclined to think that the executor is entitled to commissions upon one-half of the partnership property.

LEA, J., concurred in this opinion.